VENABLE LLP
DOUGLAS C. EMHOFF (SBN 151049)
demhoff@venable.com
DAN CHAMMAS (SBN 204825)
dchammas@venable.com
NOAH B. STEINSAPIR (SBN 252715)
nsteinsapir@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Attorneys for Defendant
TOO LAZY, LLC

FILED
2010 FEB 18 P 3:18
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

# UNITED STATES DISTRICT COURT OF CALIFORNIA
## NORTHERN DISTRICT

**C10-00700 HRL**

| | |
|---|---|
| ERIGHT JOHNSON, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>TOO LAZY, LLC, a California limited liability company, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. 1441 (B)**<br><br>**[DIVERSITY/CLASS ACTION FAIRNESS ACT]**<br><br>**BY FAX** |

LA#260836\109135-278524

NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant TOO LAZY, LLC (hereinafter "Defendant"), Defendant in the action described below, hereby removes said action to the United States District Court for the Northern District of California, the San Jose Division, pursuant to 28 U.S.C. §§ 1331 and 1441(b). Removal is based upon the following grounds:

1. An action entitled Enright Johnson, individually and on behalf of a class of similarly situated individuals, Plaintiffs v. Too Lazy, LLC, a California limited liability company, DOES 1-50, inclusive, Case No. 109CV158280, ("Complaint") has been commenced and is now pending in the Superior Court of California, County of Santa Clara.

2. The Complaint was filed in the state court action on or about November 25, 2009. Plaintiff served Too Lazy with a copy of the Complaint on January 19, 2010. A true and correct copy of the Complaint is attached hereto as Exhibit "A." Too Lazy has not been served with any other pleadings, papers and/or orders in the state court action.

3. This Notice of Removal is filed within the 30-day time period provided by 28 U.S.C. § 1446(b) in that it has been filed on February 18, 2010, within 30 days of Defendant's service of the Complaint on January 19, 2010. See, e.g., Murphy Bros v. Michetti Pipe Stringing, 526 U.S. 344, 352-355 (1999) (holding that the 30 day removal period is triggered when defendant is formally served).

4. This Court is the appropriate court to which the action must be removed because it is part of the "district and division embracing the place where" Plaintiff filed this action in the County of Santa Clara 28 U.S.C. § 1446(a).

5. A copy of this Notice of Removal will be filed contemporaneously with the Clerk of the Superior Court of the State of California for the County of Santa Clara, and will be served contemporaneously on all counsel of record, as

required by 28 U.S.C. § 1446(d).

## FEDERAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

6. This Court has jurisdiction of this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Public Law 109-2, codified at 28 U.S.C. § 1332(d).

7. CAFA creates federal jurisdiction over lawsuits in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant," and involves a putative class that consists of more than 100 members. 28 U.S.C. §§ 1332(d)(2)(A) and (d)(5). Each of these three requirements is met.

## REQUIREMENT NO. 1: THE CLASS CONSISTS OF OVER 100 CLASS MEMBERS.

8. Plaintiff seek to pursue this action on behalf of "[a]ll wireless telephone subscribers in the nation who suffered losses or damages as a result of Too Lazy billing for mobile content products and services...". (Complaint at ¶ 42.) Plaintiff further asserts that the putative "[c]lass consists of thousands of individuals...". (Id. at ¶ 43.) Plaintiff alleges that Too Lazy, "for years [has] been systematically, repeatedly and without authorization, billing consumers for the purchase of products and services without authorization." (Id. at ¶ 17.) Too Lazy denies these allegations, however, accepting them as true, the class could encompass all of Too Lazy's customers, a number that greatly exceeds 100.

## REQUIREMENT NO. 2: THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000.

9. "[W]hen the plaintiff fails to plead a specific amount of damages, the defendant seeking removal 'must prove by a preponderance of the evidence that the amount in controversy requirement has been met." Lowdermark v. US Bank Nat.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

Assoc., 479 F.3d 994, 998 (9th Cir. 2007). "The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything." Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005); See also id. at 449 ("**The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties**. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.") (emphasis added).

10. Too Lazy disputes Plaintiff's claims and objects to any motion seeking class certification. However, for purposes of removal, Plaintiff's demand is in excess of $5,000,000, exclusive of interest and costs.

11. Plaintiff asserts the following causes of action on behalf of himself and the putative class: Violation of California Business and Professional Code § 17200, Unjust Enrichment; Trespass to Chattel; and Tortious Interference with a Contract.

12. Particularly, Plaintiff alleges that Too Lazy, "routinely processes charges for mobile content that have not been authorized." (Complaint ¶ 15.) Plaintiff further asserts that "Too Lazy for years has been systematically, repeatedly and without authorization, billing consumers for the purchase of products and services without authorization." (Id. at ¶ 17.) Pursuant to Plaintiff's cause of action for unjust enrichment, moreover, Plaintiff seeks restitution of all of the proceeds from the purportedly unauthorized charges. (Id. at ¶ 55-60.) Given the breadth of these claims, in essence Plaintiff requests that Too Lazy return all of the money it has charged and received from its customers, the putative class, during the statutory period. Too Lazy can show that it has charged and received payments from customers in an amount greater than $5,000,000 during the last two years.

4

# REQUIREMENT NO. 3: THE CLASS MEMBERS ARE CITIZENS OF A STATE DIFFERENT THAN TOO LAZY.

13. Parties to a class action are diverse where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Abrego v. Dow Chem. Co., 443 F.3d 676, 678 (9th Cir. 2006) (noting "CAFA's new minimal diversity requirements"). Plaintiff is a citizen of Texas.

14. Too Lazy is a citizen of California. Too Lazy is organized and existing under the laws of the State of California. Too Lazy's principal place of business is California.

15. Plaintiff is a citizen of Texas and he seeks to represent a nationwide class that includes, "[a]ll wireless telephone subscribers in the nation who suffered losses or damages as a result of Too Lazy billing for mobile content products and services...". (Complaint at ¶ 42.) Plaintiff broadly alleges that Too Lazy's business model involves fooling its customers into signing up for its services that they do not intend to purchase. Id. Although Too Lazy disputes these assertions, based on these assertions, the putative class would encompass Too Lazy's entire customer base. Well over two-thirds of its customers, the putative class, resides outside of the state of California.

16. Therefore, diversity of citizenship is established and remand is not even discretionary. Fuller v. Home Depot Servs., 2007 U.S. Dist LEXIS 59770, *14 (N.D. Ga. Aug. 14, 2007) (if plaintiff cannot show that at least one-third of the putative class members reside in the same state as defendant, then the "discretionary exception is not applicable" and federal jurisdiction is mandatory.)

## INTRADISTRICT ASSIGNMENT

17. Plaintiff commenced this action in the Superior Court of California for Santa Clara County. Moreover, Too Lazy is a resident of Santa Clara County.

Accordingly, pursuant to Northern District Local Rule 3-2(e), this action should be assigned to the San Jose division.

**WHEREFORE**, Too Lazy respectfully remove this action from the Superior Court of California, County of Santa Clara., Case No. 109CV158280, to the United States District Court for the Northern District of California, San Jose Division. Too Lazy prays that: (1) this Court proceed in this action pursuant to 28 U.S.C. § 1447, as if this action had been originally been filed in this Court; and (2) that further proceedings in the state court action be stayed in all respects.

DATED:   February 18, 2010

VENABLE LLP

By: _____
Noah B. Steinsapir
Attorneys for Defendant
TOO LAZY, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Venable, LLP, 2049 Century Park East, Suite 2100, Los Angeles, California.

On **February 18, 2010**, I served the foregoing document(s) described as **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. 1441(B) [DIVERSITY/CLASS ACTION FAIRNESS ACT]** on the interested parties in this action addressed as follows:

David C. Parisi, Esq.
Suzanne Havens Beckman, Esq.
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403

☑ By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☑ **BY MAIL (FRCP 5(b)(2)(C))**: I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

☐ **BY FACSIMILE (FRCP 5(b)2)(E) and (F)**: Pursuant to FRCP 5(b)(1)(E), on _____, at approximately _____ I served the above stated document by facsimile from the facsimile machine of Venable, LLP whose phone number is (310) 229-9901 to the addressee(s) at the facsimile numbers as stated above. The facsimile machine used complies with FRCP 5(b)(1)(E). Pursuant to FRCP 5(b)(1)(E), the transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **February 18, 2010** at Los Angeles, California.

Felecia J. McClendon